IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE P. HAYES,

        Petitioner,          No. 2:10-cv-0708-FCD-JFM (HC)

    vs.

J. WALKER,

        Respondent.          <u>FINDINGS AND RECOMMENDATIONS</u>

/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is serving a sentence of sixteen years in prison following his 2006 conviction on charges of sales of rock cocaine. This matter is before the court on respondent's motion this action on the ground that it is barred by the statute of limitations.

        Section 2244(d)(1) of title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

        recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

        For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

        1. On September 5, 2006, petitioner was convicted by a jury. He was sentenced to sixteen years in state prison.

        2. On January 17, 2008, petitioner's conviction was affirmed on direct appeal by the California Court of Appeal for the First Appellate District.

        3. On March 26, 2008, the California Supreme Court denied review.

        4. On or about April 1, 2009, petitioner filed a petition for writ of habeas corpus in the Solano County Superior Court. The petition was denied on July 24, 2009 as untimely and because the claims either lacked merit or had or should have been raised on direct appeal.

        5. On September 2, 2009, the California Court of Appeal for the First Appellate District denied a petition for writ of habeas corpus filed by petitioner in that court.

        6. On February 18, 2010, the California Supreme Court denied a petition for writ of habeas corpus filed by petitioner in that court.

        7. On March 24, 2010, the instant action was opened with the filing of a petition for writ of habeas corpus delivered on March 18, 2010 by petitioner to prison officials for mailing to this court.

/////

1    The one year statute of limitations began to run on June 25, 2008, after the ninety
day period for seeking certiorari review by the United States Supreme Court expired.  See Bowen
v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).  Petitioner's first state habeas corpus petition, filed
on or about April 1, 2009, was denied as untimely.  See Ex. C to Respondent's Motion to
Dismiss, filed July 1, 2010, at 1.  It was not, therefore, "properly filed" for purposes of the
statutory tolling provisions of 28 U.S.C. § 2244 and did not toll the limitation period.  See Bonner
v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005).[1]  The limitation period expired on June 25, 2009,
before the state superior court petition was denied.  Petitioner's next petition for writ of habeas
corpus was denied in the state court of appeal on September 2, 2009.  Although the record does
not reflect the date on which petitioner filed that petition, the court infers that it was filed some
time after July 24, 2009, when the superior court denied the petition filed in that court, and after
the limitation period expired.[2]

   In opposition to the motion to dismiss, petitioner asserts that he was "prevented"
by his appellate attorney from filing a timely state habeas petition.  Petitioner's Opposition to
Respondent's Motion to Dismiss, filed August 9, 2010, at 11.  The mere ineffective assistance of
post-conviction counsel cannot be the basis for equitable tolling.  See Miranda v. Castro, 292 F.3d
1063, 1067-1068 (9th Cir.2002) (holding appointed counsel's miscalculation of the AEDPA
limitations period was not grounds for equitable tolling because petitioner has no right to effective
assistance of counsel during the post-conviction phase). Only "where an attorney's misconduct is
sufficiently egregious" may it "constitute an 'extraordinary circumstance' warranting equitable
tolling of AEDPA's statute of limitations." Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir.2003).
/////

---

[1] The fact that the superior court also rejected petitioner's claims on the merits and/or because they had or should have been raised on direct appeal does not make the petition properly filed.  See Bonner, id. at 1149 and n.19 (citing Carey v. Saffold, 536 U.S.214, 225-26 (2002)).

[2] The petitions filed in the state court of appeal and the state supreme court did not revive the expired limitation period.  See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Petitioner's assertion that his appellate counsel prevented him from filing a timely state habeas corpus petition is not supported by the letters from counsel tendered as exhibits to his opposition.  In particular, in a letter dated March 28, 2007, petitioner's counsel advised petitioner that the state court of appeal would not accept a pro se petition from petitioner because he was represented by counsel, but that the state superior court "may entertain such a writ."  Ex. C to Opposition.  Counsel "strongly" suggested to petitioner that he "communicate with me about what issues you intend to address before filing any such writ", id, but nothing in either that letter or a subsequent letter dated July 12, 2007 "prevented" petitioner from filing a timely state habeas corpus petition.[3]  Thus, petitioner has not demonstrated that he is entitled to equitable tolling of the limitation period prior to the time he filed his state superior court petition.

For all of the foregoing reasons, this action is barred by the statute of limitations and should be dismissed.  Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2254.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

Where, as here, the petition should be dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

/////

---

[3] Petitioner also contends that his attorney refused to file a habeas petition, but the evidence provided by petitioner demonstrates only that his attorney advised petitioner that he had raised on direct appeal all claims that he believed had "a reasonable chance of success." Ex. C to Opposition, letter dated July 12, 2007.

4

constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

After careful review of the entire record herein, this court finds that petitioner has not satisfied the first requirement for issuance of a certificate of appealability in this case. Specifically, there is no showing that jurists of reason would find it debatable whether this action is barred by the statute of limitations. Accordingly, the district court should not issue a certificate of appealability.

In accordance with the above, IT IS HEREBY RECOMMENDED that

1. Respondent's July 1, 2010 motion to dismiss be granted;

2. This action be dismissed as barred by the statute of limitations; and

3. The district court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 17, 2010.

UNITED STATES MAGISTRATE JUDGE

12
haye0708.mtd

5